## Norfolk

JOHN EMORY CHERRICKS, s/k/a

JOHN EMORY CHERRIX

v.

## COMMONWEALTH OF VIRGINIA

No. 0954-89-1

Decided September 25, 1990

COUNSEL

A. Theresa Bliss, for appellant.

Eugene Murphy, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—On March 16, 1989, John Emory Cherricks was convicted of one count of statutory burglary and one count of grand larceny. In accordance with the recommendation of the jury, the Court sentenced Cherricks to five years on the burglary conviction and to six months on the grand larceny conviction, the sentences to be served concurrently. On appeal, Cherricks argues that: (1)

the trial court erred in refusing to grant a continuance due to the absence of a material witness; and (2) the trial court erred in refusing to grant a continuance, or a mistrial, in the face of the Commonwealth's refusal to furnish exculpatory evidence. After consideration of the record, the briefs and argument of counsel, we reverse.

## I.

On the evening of November 7, 1989, Theodore "Sam" Walsovitch discovered that his car was missing. Police investigation revealed that the side door of Walsovitch's home had been damaged. A Budweiser beer can and a Marlboro cigarette pack were found at the scene. Earlier that day, Walsovitch had asked a neighbor to go to the store and purchase a six-pack of beer for him. The neighbor, using Walsovitch's car, did so and, upon returning, put a six-pack of "Milwaukee's Best" in the refrigerator and placed the keys on the table.

At approximately 2:30 a.m. the next morning, November 8, a truck driver reported to the police that a car was stuck in the ditch on Route 175, heading out of town. When the police arrived they found the appellant, John Emory Cherricks, behind the wheel of Sam Walsovitch's car. Cherricks' niece, Robin Cherrix, was with him and there were several cans of Milwaukee's Best beer in the car. The appellant spoke briefly with Officer Bill Murphy of the Chincoteague Police Department, then he and his niece began to walk away. Officer Murphy called to them and told them not to leave. The appellant then ran into the nearby woods and eventually was apprehended by the police.

Upon being interrogated on the night in question, Robin Cherrix gave the police a statement which implicated the appellant in the theft of Sam Walsovitch's car. He was charged with breaking and entering and grand larceny and was indicted by a grand jury on February 6, 1989.

On March 6, 1989, defense counsel was informed of a trial date of March 16, 1989. The following day, March 7, defense counsel filed a motion for discovery. Also on March 7, 1989, Robin Cherrix was questioned a second time by the Chincoteague Police. At that time she gave a statement, inconsistent with her previous statement, which supported the appellant's claim of innocence.

Counsel for the appellant, upon learning of this latter statement, issued a subpoena for Robin Cherrix on March 9, 1989.

Four days later, on March 13, it was learned that Robin had not been served with the subpoena and that she was, apparently, out of the state. The Commonwealth was then asked by the defense to turn over the statement given by Robin. This request was not honored.

On Wednesday, March 15, 1989, the appellant moved for a continuance due to Robin's absence. The court, stating that the witness had "never been subpoened," denied the motion. The appellant repeated his request that the Commonwealth furnish him Robin's statement. Again this request was denied. Trial was held on March 16, 1989, and the defendant was convicted and sentenced on that date.

## II.

The defendant contends that his constitutional right to a fair trial required that a continuance be granted in order to bring a witness material to the defense before the Court. We agree.

By statute, continuances are to be granted if necessary. *See* Code § 19.2-162. In *Shifflett v. Commonwealth*, 218 Va. 25, 235 S.E.2d 316 (1977), the trial court denied the defendant's motion for a continuance to locate a witness who was out of town. Defense counsel had issued a summons for the witness only two days prior to trial and it was conceded that the witness was not a material witness. The Court, in affirming the actions of the trial court, stated that "[a] motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion." *Id.* at 30, 235 S.E.2d at 319. This discretion, however, "must be excercised with due regard to the constitutional guaranty of a fair and impartial trial to one accused of crime, and the right to call for evidence in his favor." *Lacks v. Commonwealth*, 182 Va. 318, 323, 28 S.E.2d 713, 715 (1944).

In determining whether the trial court properly exercised its discretionary powers, we look to the diligence excercised by the moving party to locate the witness and secure his attendance at

trial. *See Shifflett*, 218 Va. at 30, 235 S.E.2d at 319-20. As well, we must determine if there is anything "in the circumstances to warrant the conclusion that the real purpose in moving for a continuance is to delay or evade trial and not to prepare for it." *Myers & Axtell, Receivers v. Trice*, 86 Va. 835, 838, 11 S.E. 428, 429 (1890).

Here, only ten days notice of the trial date was given to the defense. Within three days of this notice, and within two days of discovering that Robin Cherrix had made an exculpatory statement, defense counsel issued a subpoena for her appearance. Learning that the witness was out of town, counsel promptly moved for the continuance. Under these circumstances, we hold that the defense exercised due diligence in attempting to bring this witness to trial once it learned that her presence would be material. Additionally, there is no indication that the appellant was attempting to evade prosecution or unnecessarily delay the trial.

The trial court denied appellant's motion for a continuance, stating that the witness had not been subpoenaed. Had the witness in fact not been subpoened, the appellant would be in no position to dispute the denial of a continuance. Such a lack of diligence on his part would bar him from contesting the trial court's ruling. The record reflects, however, that a subpoena had been requested and issued, but service was unobtainable due to the witness' absence from the state. There is no evidence that the defense encouraged and/or participated in the witness' departure from the state.

Both parties in a criminal proceeding have a duty to assist in bringing a case quickly and properly to trial. In the course of events leading to trial there will be many instances when mutual cooperation will be required in order to ensure that all mandates of the court and rules of discovery are complied with. As well, there also will be circumstances that are beyond the reasonable control of the parties. Such is the case when, as here, a material witness leaves the Commonwealth and is unavailable for trial. Under the circumstances presented by this record, we hold that the continuance should have been granted.

## III.

The appellant next contends that the Commonwealth violated his due process rights by refusing to provide him with the March 7, 1989, statement of Robin Cherrix. Although the case is remanded on the prior assignment of error, as this issue may arise in the event of a new trial, we will briefly consider it herein.

It has been long recognized that there is no general right to discovery in a criminal case. However, the suppression of exculpatory evidence by the government violates due process if the evidence is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). A violation occurs "irrespective of the good faith of the prosecution." *Walker v. Commonwealth*, 4 Va. App. 286, 300-01, 356 S.E.2d 853, 861 (1987). It is equally clear that the defense has no right to search through the Commonwealth's files in the hope of finding exculpatory evidence. In *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987), the Supreme Court stated:

> In the typical case where a defendant makes only a general request for exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963), it is the State that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final.

*Id*. at 59 (footnote omitted).

Tension exists in instances where the prosecution does not recognize the exculpatory nature of evidence, or, as here, in good faith denies the exculpatory potential of the evidence and accordingly declines its production. The Commonwealth argues that Robin Cherrix's second statement is grossly inconsistent with her statement on the night of the alleged theft. Thus, according to the Commonwealth, the second statement is not credible and would not affect the trial result. While the trier of fact on retrial may ultimately agree with the Commonwealth's contention, Robin Cherrix was the only person with the appellant when he allegedly committed the crimes. The Commonwealth's case against the appellant was largely circumstantial. Under such circumstances, her

statement supporting appellant's claim of innocence, although contradictory to one given earlier, might have affected the outcome of the first trial; therefore, the failure of the trial court to require the Commonwealth to disclose the statement in this case was error.

■ In cases of this kind, when the exculpatory nature of material is in doubt, the Commonwealth could submit the material to the trial court for an in camera review and ruling on its possible exculpatory value. Although in a somewhat different setting, such a procedure was suggested in *Ritchie. See* 480 U.S. at 58. When the Commonwealth elects to withhold exculpatory evidence on the ground that it is not material, it does so at its own peril and with the realization that the trial court or an appellate court may hold otherwise, thereby invalidating a conviction.

Accordingly, the convictions appealed from are reversed and the case is remanded for a new trial if the Commonwealth be so advised.

*Reversed and remanded.*

Baker, J., and Cole, J., concurred.