COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Annunziata
Argued at Alexandria, Virginia


RONALD D. CARVER

v.         Record No. 2646-94-4        MEMORANDUM OPINION[*]
                                    BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA              FEBRUARY 6, 1996


              FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                      James L. Berry, Judge

        John C. Morgan, Jr., for appellant.

        Kathleen B. Martin, Assistant Attorney
        General (James S. Gilmore, III, Attorney
        General, on brief), for appellee.


     Ronald D. Carver (appellant) contends the trial court erred

when it refused to grant his motion for a continuance based upon

the failure of a witness to appear at trial.  Sufficiency of the

evidence to support his jury trial conviction for operating a

motor vehicle while under the influence of alcohol is not

contested.

     The record discloses that appellant was arrested on February

19, 1994.  On June 14, 1994, he was found guilty by a general

district court judge.  When appellant appealed that decision to

the Circuit Court of Frederick County, the matter was first set

to be tried by a jury in that court on August 17, 1994.  On

August 12, 1994, less than one week before that trial date,

appellant's counsel, citing differences between appellant and

---
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

counsel, moved the trial court to permit him to withdraw from the case. On August 15, 1994, the trial court granted the motion and directed appellant to obtain new counsel prior to September 15, 1994, continuing the trial by jury until October 19, 1994.

On October 19, 1994, appellant appeared but without new counsel. Appellant again moved for a continuance and, over the Commonwealth's objection, the court granted appellant's motion and ordered the matter to be again postponed for trial by jury to December 21, 1994. That order further directed appellant to be present with his newly retained counsel at 9:00 a.m. on November 18, 1994. On that date, appellant appeared without counsel but with a letter from Attorney John Morgan explaining he could not be present on that day. By order dated November 28, 1994, the trial court re-affirmed that the matter would be heard by a jury on December 21, 1994.

An agreed statement of facts notes that, prior to the selection of a jury, appellant again moved for a continuance on the ground that an "essential witness" was not present in court. It further was agreed that although a subpoena was issued it was not served. The trial court continued the matter for three hours, to twelve noon, to give appellant time to locate the witness, but at twelve noon, the witness had not been produced. At appellant's request, the trial court advised the jury that appellant had moved for a continuance to permit him to secure the witness' attendance and that the court had denied the motion. No

proffer was made to the trial court as to the expected content of Wilson's testimony.

> The jury returned the following verdict:
> We the jury, on the issues joined, find the accused, Ronald Dennis Carver, guilty of operating a motor vehicle while under the influence of alcohol, a third offense within 10 years, as charged in CR94-158 and fix his punishment at 1 year confinement and $1,000 fine.

"[A] motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion." Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990) (citations omitted). "The burden is on the party seeking a continuance to show that it is likely that the witness would be present at a later date." Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994).

The trial court continued the trial for three hours to allow appellant to locate the missing witness. The statement of facts does not indicate that appellant exercised due diligence in procuring the witness, nor does it explain why the subpoena was not returned and whether the missing witness would be present at a later trial.

Viewing the record in its totality, we cannot say that the trial court abused its discretion. Accordingly, the judgment of the trial court is affirmed.

Affirmed.