COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


LARRY DALE SAMS
                                    MEMORANDUM OPINION[*] BY
v.       Record No. 1007-96-2     JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 1, 1997
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                 Paul M. Peatross, Jr., Judge

          (Frederick T. Heblich, Jr.; Parker, McElwain &
          Jacobs, P.C., on briefs), for appellant.
          Appellant submitting on briefs.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.


     On January 31, 1996 and April 3, 1996, Larry D. Sams

(appellant) was convicted of two counts of unlawfully and

feloniously practicing a profession or occupation without first

obtaining a valid license or certificate, a third or subsequent

offense.  On appeal, he contends that the trial court erred

because: (1) the evidence failed to prove he was practicing the

occupation of building contractor; (2) he was exempt from the

licensing requirements because he was not an "owner-developer";

(3) the felony enhancement provisions were inapplicable to him;

and (4) the court abused its discretion in denying his motion for

a continuance.  Finding no error, we affirm.

     Appellant obtained two building permits from the Albemarle

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

County Inspections Department, in the name of "Exeter Homes," on March 16, 1995 and June 27, 1995. Neither appellant nor Exeter Homes held a valid Class A contractor's license; however, appellant listed "Mike Iacovacci" (Iacovacci) as the contractor and included Iacovacci's contractor license number on the permit applications. Permits were issued to build two houses valued at $160,000 and $220,000. Neither of the houses was intended for appellant's personal use.

Jesse R. Hurt, Director of Inspections for Albemarle County, (Hurt) discovered that the contractor's license number on the permit applications did not belong to Exeter Homes. He contacted appellant and arranged a meeting to determine whether he had a contractual agreement with Iacovacci. On August 14, 1995, appellant met with Hurt and produced a copy of a document dated March 7, 1995, which he represented as an agreement between Exeter Homes and Iacovacci. Appellant told Hurt that he had completed and signed the permit applications although he did not have a license, and that the agreement was to cover both permits. At trial, appellant admitted that the March 7, 1995 "agreement" had been back-dated, and that it was produced because he had an oral agreement with Iacovacci prior to being questioned about the permits by Hurt.

## SUFFICIENCY

When a defendant challenges the sufficiency of the evidence on appeal, the appellate court must view the evidence and all

reasonable inferences fairly deducible therefrom in the light most favorable to the Commonwealth.  Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).  See also Boblett v. Commonwealth, 10 Va. App. 640, 651, 396 S.E.2d 131, 137 (1990) (all evidence of the defendant's that is in conflict with that of the Commonwealth's is discarded in determining issues of sufficiency).

> Code § 54.1-111(A) provides in pertinent part:
>> It shall be unlawful for any person, partnership, corporation or other entity to engage in any of the following acts:
>>
>> 1.  Practicing a profession or occupation without holding a valid license as required by statute or regulation. . . .
>>
>> Any person who willfully engages in any unlawful act enumerated in this section shall be guilty of a Class 1 misdemeanor. The third or any subsequent conviction for violating this section during a thirty-six-month period shall constitute a Class 6 felony.

(Emphasis added).  Code § 54.1-1100 defines "contractor" as:

> [A]ny person, that for a fixed price, commission, fee, or percentage undertakes to bid upon, or accepts, or offers to accept, orders or contracts for performing, managing, or superintending in whole or in part, the construction, removal, repair or improvement of any building or structure permanently annexed to real property owned, controlled, or leased by another person or any other improvements to such real property.

Code § 54.1-1100 defines in relevant part "owner-developer" as:

> [A]ny person who performs or supervises the construction, removal, repair or improvements of any building or structure permanently annexed to real property owned, controlled or

3

> leased by him or any other improvements to
> such property when either (i) the total
> value of all such improvements to or upon
>  any single parcel of land is $70,000 or more
> . . . .

Appellant contends that the Commonwealth failed to prove that his actions met the definition of a "contractor" and thus he could not be in violation of Code § 54.1-111. This contention belies appellant's own admissions that he was the "contractor who was going to build those houses . . ." and that he had no license. This testimony was sufficient for the trial court to convict appellant of violating Code § 54.1-111. Additionally, the evidence was sufficient to prove he acted as a <u>contractor</u> without possessing a license, as well as to prove he was acting as an <u>owner-developer</u> without possessing a license.

The evidence established that appellant: (1) was not a licensed contractor; (2) did not have a contractual agreement with a licensed contractor; (3) was the person building the home(s); and (4) intended to build two homes valued at $160,000 and $220,000 on the two parcels of land. The evidence further demonstrated that the land was owned by Exeter Homes and that appellant was president of Exeter Homes. Thus, appellant's own conduct was such that he could be considered an owner-developer or a contractor, either of which requires a license, and appellant did not have a license.

Exemptions from licensure are affirmative defenses subject to proof by the defendant which must be raised during trial or

4

are deemed waived. See Evans & Smith v. Commonwealth, 226 Va. 292, 298, 308 S.E.2d 126, 130 (1983). Appellant failed to satisfy any of the three necessary elements of the claimed exemption from "owner-developer" in Code § 54.1-1100.

**OFFENSE DATE**

Appellant next contends that the felony enhancement should not be applied to him because the date of sentencing for the instant offenses was not within thirty-six months of his two prior convictions. However, Code § 54.1-111 uses the term "conviction" rather than "date of offense." Because the plain language of a statute must be given its ordinary meaning, see Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992), the date of conviction is the proper date to use in determining whether the felony enhancement provisions of Code § 54.1-111 apply.

Appellant was convicted of violating Code § 54.1-111 on March 26, 1993 and June 28, 1995. The trial court in the instant case convicted appellant of the same offense on January 31, 1996 and April 3, 1996. See Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984) (courts speak through their orders). The use of the term "conviction" clearly refers to the date of conviction, and not the offense date or the date a final order is entered.

**CONTINUANCE**

The decision to grant or deny a continuance is a matter

5

committed to the sound discretion of the trial court and may not be disturbed on appeal unless the record affirmatively shows an abuse of discretion. Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990) (citing Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977)).

At trial, appellant requested a continuance because Iacovacci was not present. When questioned by the trial court why Iacovacci had not been subpoenaed, counsel responded, "Quite frankly, Your Honor, when I was preparing this case for trial, I did not think that this particular item [proof of Iacovacci's license] was at issue in the case." The Commonwealth objected, and the trial court denied the continuance request.

The evidence established that appellant failed to exercise due diligence in obtaining the presence of the witness at trial. He did not subpoena Iacovacci nor did he seek to obtain a certified copy of Iacovacci's license. See Code § 54.1-1112. Further, appellant failed to establish he was prejudiced by the denial of his motion for a continuance. The asserted reason for a continuance was established through other evidence, and the trial court did not err in denying the motion for a continuance.

                                                    Affirmed.