COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Duff
Argued at Alexandria, Virginia


CORWYN CORDELL SKINNER
                                        MEMORANDUM OPINION[*]
v.    Record No. 0926-96-3        BY JUDGE CHARLES H. DUFF
                                          APRIL 8, 1997
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                       Richard S. Miller, Judge

             Elizabeth P. Murtagh, Assistant Public
             Defender, for appellant.

             H. Elizabeth Shaffer, Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     Corwyn Cordell Skinner (appellant) was convicted in a bench
trial of possessing cocaine.  On appeal, appellant challenges the
trial judge's refusal to grant a continuance and the sufficiency
of the evidence to support his conviction.  For the reasons that
follow, we affirm the conviction.

                          THE CONTINUANCE

     Appellant was arrested on October 26, 1995.  On that same
day, he was released on bond.  On November 8, 1995, counsel was
appointed.  Defense counsel was present at appellant's December
16, 1995 preliminary hearing.  On February 1, 1996, the day of
trial, defense counsel orally moved for a continuance and made
the following representations:

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Mr. Skinner has a brother that is in Minnesota that was not willing to come back to testify on his behalf. He got a call from his brother yesterday. And his brother indicates he's coming back to this area in March for a family get-together, a family wedding that has been planned. I would like to have that witness. I think he has some -- I've not talked to him directly.

Based on information my client has given me, he might be able to corroborate some information my client has. The cocaine in this case is point zero three grams, very small amount of drugs. And it's -- this other witness can tell us where the coat was before my client got it. He was a material witness.

I don't have exact dates that he will be here in Lynchburg. But I do think if we could get him here, it would be helpful to my client's case. So I'm in a position to ask for a continuance today.

The trial judge asked defense counsel whether she could assure the witness' presence or whether the witness "indicated [to her that] he would come." Defense counsel was unable to answer affirmatively. Neither defense counsel nor the prosecutor had spoken with the witness. The witness "was living in Minnesota" at the time of the offense and at the time of the preliminary hearing. The trial judge asked whether the witness' testimony would be incriminating so that he might invoke his privilege not to testify. Defense counsel stated, "Judge, that's why I feel like I need to talk to him myself. And I did not know about this witness until this morning." Based on defense counsel's uncertainty and the fact that the witness might invoke his privilege against self-incrimination, the trial judge found that the witness was not available and denied the motion.

Despite never having talked with the witness, defense counsel presented the following handwritten proffer:

> Corey Skinner gave Corwyn Skinner the jacket he was wearing approximately 1 year before this incident. Corey Skinner would testify that he had put cocaine in that jacket previously.

Although she signed it, the prosecutor refused to stipulate to the proffer.

"'"[A] motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of discretion."'" Gray v. Commonwealth, 16 Va. App. 513, 517, 431 S.E.2d 86, 89 (1993) (quoting Cherricks v. Commonwealth, 11 Va. App. 96, 99, 396 S.E.2d 397, 399 (1990)). "Abuse of discretion [in denying a continuance] and prejudice to the complaining party are essential for reversal. In considering a request for a continuance, the court is to consider all the circumstances of the case." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986) (citations omitted).

> If the expected testimony is competent and material and not merely cumulative, and if it is credible and probably will affect the result, and will likely be obtained at a future trial, and if due diligence has been exercised to secure the attendance of the absent witness, and if the accused cannot safely go to trial without his testimony, generally a continuance will be granted.

Lacks v. Commonwealth, 182 Va. 318, 324, 28 S.E.2d 713, 715

3

(1944) (citations omitted).

"In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to gather and make the evidence available at trial." Smith v. Commonwealth, 16 Va. App. 630, 636, 432 S.E.2d 2, 6 (1993). See also Bryant v. Commonwealth, 248 Va. 179, 181, 445 S.E.2d 667, 669 (1994) (defendant did not provide counsel with witness' address until six days before trial). "The burden is on the party seeking a continuance to show that it is likely that the witness would be present at a later date and would testify in the manner indicated in the proffer." Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994) (citation omitted), cert. denied, 115 S. Ct. 1134 (1995).

Although the proffer suggests that defendant's brother gave him the jacket, defense counsel informed the trial judge that the jacket was not available because the defendant "dumped the coat." Thus, even if the defendant's brother had testified, he could only have speculated that the missing jacket was the same jacket he had given defendant. "While justice, not speed, should be paramount in determining whether a continuance will be granted, the court is not obligated to grant a continuance based on mere speculation." Smith, 16 Va. App. at 634-35, 432 S.E.2d at 5. See also Chichester, 248 Va. at 322, 448 S.E.2d at 646 (noting that, even if defendant had been able to locate and produce missing witnesses, it was "unlikely" they would have admitted

4

committing crimes for which defendant was on trial).

The appellant waited until the day of trial to inform defense counsel that his brother was a material witness. The trial judge could reasonably conclude on that ground that appellant failed to exercise due diligence in procuring his brother's testimony. The record is silent as to why appellant withheld the existence of the witness until the day of trial. Cf. Gray, 16 Va. App. at 518-19, 431 S.E.2d at 90 (holding that defendant exercised due diligence when he timely and properly subpoenaed out-of-state witnesses under Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings, pursuant to Code §§ 19.2-272 through 19.2-282). Because defense counsel had never spoken with the witness, and because the jacket that was to be the subject of the brother's testimony was not available, the scope and substance of the witness' testimony was entirely speculative. For these reasons, the trial judge did not abuse his discretion in denying the continuance.

SUFFICIENCY OF THE EVIDENCE

"When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Compton v. Commonwealth, 22 Va. App. 751, 753, 473 S.E.2d 95, 96-97 (1996). So viewed, the evidence established that Officer Holyfield saw appellant

approach a man in a "very high drug and crime area" known to be "an open-air drug market." From across the street about twenty feet away, Holyfield observed appellant and the man conduct a brief conversation, after which the man "reached into his pocket, [and] pulled out a brown piece of paper that appeared to be tied off at the top." The man "opened the top of it off, reached down into the [paper, and] pinched an object" with his thumb and index finger. Appellant "had his hand with his palms up, [and] his fingers extended." The man then "laid the object into [appellant's] hand [and appellant] clenched his hand." Holyfield approached the two men as soon as the man placed something in appellant's hand. The man fled when he saw Holyfield approach. When appellant "turned around, [he] still had his hand clenched." Holyfield "told [appellant] to put his hands up where [he] could see them." However, appellant "took his [clenched] hand and put it into his right -- into like a side pocket on the coat that he was wearing."

As Holyfield drew closer, appellant said "You c[an] search me. Go ahead. I ain't got no drugs. I ain't got nothing."

"In the right pocket where [appellant's] hand went into, [Holyfield] observed some very small, off-white chunks that appeared to be suspected crack cocaine that were -- it [sic] appeared to have been crushed up and were lying in the bottom of the pocket." Holyfield was able to pick out some pieces with his fingers. He also testified that crack cocaine is "[c]rushable."

The object recovered by Holyfield was tested and proved to be 0.03 grams of cocaine. On cross-examination, appellant acknowledged knowing what crack cocaine looks like and admitted past cocaine use.

A conviction for possession of illegal drugs requires proof that the "defendant was aware of the presence and character of the drugs, and that he intentionally and consciously possessed them." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). "Possession of a controlled drug gives rise to an inference of the defendant's knowledge of its character." Id. at 101, 390 S.E.2d at 498-99. Moreover, "[t]he requisite knowledge on the part of the accused may be proved by evidence of acts, declarations or conduct showing that he knew of the existence of narcotics at the place they were found." Harmon v. Commonwealth, 15 Va. App. 440, 447, 425 S.E.2d 77, 81 (1992).

While in a known drug area, Holyfield saw what his training and experience led him to believe was a drug transaction. During Holyfield's approach and before he addressed appellant, appellant spontaneously denied possessing any illegal drugs. Appellant kept his hand clenched as Holyfield approached, and, instead of raising his hand as ordered, he thrust it into a coat pocket from which Holyfield recovered crushed pieces of crack cocaine. Moreover, appellant admitted he had used and was familiar with crack cocaine.

The fact finder believed the Commonwealth's evidence and its

theory of the case. Conversely, the fact finder rejected appellant's explanation of how the cocaine got into his pocket. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of possessing cocaine.

Accordingly, we affirm appellant's conviction.

Affirmed.