COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


SCOTT WINDFIELD ROGERS
                                    MEMORANDUM OPINION[*] BY
v.      Record No. 1086-97-1   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         APRIL 14, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
                      Glen A. Tyler, Judge

        Anita C. Johnson for appellant.

        Daniel J. Munroe, Assistant Attorney General
        (Richard Cullen, Attorney General, on brief),
        for appellee.



     In a bench trial, appellant, Scott Windfield Rogers, was

convicted of selling drug paraphernalia to a juvenile in

violation of Code § 18.2-265.3.  On appeal, Rogers challenges the

trial court's refusal to dismiss the case following the

Commonwealth's request to nolle prosequi the matter.  He also

contends the trial court erred in refusing to grant him a

continuance and in finding the evidence sufficient to support his

conviction.  Because we find that the trial court abused its

discretion in refusing to grant appellant a continuance, we

reverse appellant's conviction and remand the case for further

proceedings if the Commonwealth be so advised.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## FACTS AND PROCEEDINGS

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Appellant's trial for selling drug paraphernalia to a juvenile was scheduled for October 17, 1996. On October 16, 1996, the prosecutor learned that Joseph Scott, an out-of-state witness whom the Commonwealth had not subpoenaed for trial, would be unable to attend the trial the following day because he had missed his train from Georgia. The prosecutor notified the trial court and defense counsel that the Commonwealth was moving to nolle prosequi the case, and appellant's trial was removed from the October 16 docket. On the morning of October 17, the trial court granted defense counsel's request for a hearing on the Commonwealth's motion. Before the hearing could occur appellant left the courthouse, and the trial court refused to conduct the hearing in his absence. The court then scheduled a hearing on October 22, an available date for both the Commonwealth and the defense.

Before the hearing, the Commonwealth filed a notice stating that it intended to proceed with the trial upon the existing indictment on October 22. Appellant moved to dismiss the indictment against him, arguing that the Commonwealth's failure to have its witness present on October 17 did not constitute

-2-

"good cause" for a nolle prosequi as contemplated by Code
§ 19.2-265.3.[1]

On October 22, the trial court denied appellant's motion to dismiss, and indicated that the trial could proceed. Appellant then requested a continuance to secure the presence of Adam Martin. Appellant had requested a witness subpoena for Martin for both the October 17 and the October 22 hearings. The sheriff had served Martin with the subpoena prior to the October 17 court date, but was unable to serve him before the hearing on October 22. Appellant claimed that Martin was present in appellant's home on the night that appellant allegedly sold the drug paraphernalia to Scott. Although defense counsel had not interviewed Martin, appellant asserted that Martin's testimony would be exculpatory. The trial court denied appellant's motion for a continuance.

Scott testified that, while working undercover as a police informant on January 27, 1996, he visited appellant's residence. Scott found appellant at home with three men, and two others arrived a few minutes after Scott. Scott asked if anyone had drugs for sale, but no one responded affirmatively. Scott asked to speak to appellant privately in the kitchen. There, Scott asked appellant if he had "a pipe or any paraphernalia" he could buy. Appellant said he had a pipe, accompanied Scott to the back

---

[1]Code § 19.2-265.3 provides that a "[n]olle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown."

bedroom, produced a pipe, and sold the pipe to Scott for ten dollars. Scott previously had seen appellant and others use the pipe to smoke marijuana.

Scott left appellant's residence and gave the pipe to Officer William Tarr, who was conducting surveillance of appellant's home. The pipe tested positively for marijuana residue. Tarr permitted Scott to keep thirty dollars, which was the money remaining from the amount Tarr had given Scott before the purchase.

Scott said that Tarr did not pay him when he did not produce either drugs or paraphernalia. Scott was questioned about a conversation he had with defense witness Rita Jester concerning why Scott was testifying. Scott admitted replying words to the effect that "when people spit on you, you will spit back." Scott conceded that he had a prior petit larceny conviction.

Tarr testified that before Scott entered appellant's home on January 27, 1996, he searched Scott, found no drugs or contraband on him, and gave him forty dollars. Conducting surveillance outside appellant's home, Tarr saw appellant and Scott move from their initial positions in the front room towards the back of the home, where the bedroom was located. A light was illuminated in the bedroom, and no one else entered that room for ten minutes until Scott returned to the front room. Tarr stated that Scott

was paid every time he worked as an informant, regardless of whether he made a purchase of drugs or paraphernalia.

Testifying on his own behalf, appellant stated that he had seen the pipe on a night in December of 1995, when Scott and numerous others were in appellant's home. Scott asked appellant if he could have the pipe. Appellant replied that he knew nothing about the pipe and had never seen it before. Appellant said that Scott walked away with the pipe. Appellant said he observed Scott use marijuana ten to fifteen times.

Appellant denied selling anything to Scott, and said he did not enter the bedroom with Scott on January 27, 1996. Appellant testified that Scott knew appellant had provided the police with Scott's name as a possible suspect following a theft from appellant's home in September of 1995.

Jester testified that appellant had a reputation for honesty in the community. She said that some people trusted Scott and some did not. Jester had been a frequent guest at appellant's home and had seen Scott smoking marijuana there. However, she had never seen the pipe appellant allegedly sold to Scott, and never observed appellant sell drug paraphernalia. On the morning of trial, she asked Scott what had made him "turn on everybody." Scott responded, "[P]eople spit in your face enough you're going to spit back."

DENIAL OF APPELLANT'S CONTINUANCE REQUEST[2]

Appellant challenges the trial court's refusal to grant him a continuance to secure the presence of Martin.

> "A motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court whose decision will not be reversed unless the record affirmatively shows an abuse of such discretion." This discretion, however, "must be exercised with due regard to the constitutional guaranty of a fair and impartial trial to one accused of crime, and the right to call for evidence in his favor."

> In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure his attendance at trial. As well, we must determine if there is anything "in the circumstances to warrant the conclusion that the real purpose in moving for a continuance is to delay or evade trial and not to prepare for it."

Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990) (citations omitted).

After having the original trial removed from the docket based upon his intention to request a nolle prosequi, the prosecutor filed a notice of intention to proceed with

---

[2]We find that the trial court did not err in refusing to dismiss the case following the Commonwealth's request to nolle prosequi the matter. The Commonwealth advanced a valid basis-- the unexpected absence of Scott--for its motion to nolle prosequi. See Code § 19.2-265.3. Scott's testimony was vital to the Commonwealth's case. Accordingly, the Commonwealth demonstrated good cause for its motion to nolle prosequi, and appellant was not entitled to the dismissal of the indictment against him.

appellant's trial on the merits on October 22, 1996 rather than pursue the motion to <u>nolle</u> <u>prosequi</u>.[3]  On October 18, 1996, the defense requested a new witness subpoena for Martin, whom the defense had subpoenaed successfully for the originally scheduled trial date.  The sheriff was unable to execute the service request, and it was returned.

In requesting a continuance on October 22, 1996, appellant asserted that Martin was to return to the area from Norfolk within a few days.  The prosecutor did not challenge this assertion, nor did he allege that prejudice would result from delaying the trial until Martin could be present.  Appellant argued that Martin was in the residence on the night of the alleged paraphernalia sale and that Martin's testimony was exculpatory.

The record demonstrates that appellant exercised due diligence in obtaining the presence of Martin for both the original trial date and for the subsequent date.  The prosecutor, acting with neither the prior approval of the trial court nor the agreement of defense counsel, essentially moved the trial date from October 17 to October 22, 1996.  Appellant was entitled to sufficient notice to permit him to present potentially exculpatory evidence.  The surrounding circumstances did not

_____

[3]While the prosecutor's notice contained a certificate that the notice was delivered to defense counsel on October 17, 1996, the notice was not filed in the clerk's office until October 21, 1996.

suggest that appellant requested a continuance for the purpose of delay. Considering all the particular facts of this case, the trial court abused its discretion in refusing to grant appellant's request for a continuance.[4]

Appellant also contends the evidence was insufficient to support his conviction. Although the Commonwealth's evidence was not insufficient as a matter of law, we make no comment on the evidence which might be presented on retrial.

For the foregoing reasons, we reverse and remand for further action if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

---

[4]Appellant argues for the first time on appeal that the Commonwealth unfairly manipulated the trial court's docket and violated his due process rights by canceling the October 17 trial, despite the fact that the trial court had neither ordered a <u>nolle</u> <u>prosequi</u> nor granted a continuance. While not approving such a procedure, the Court of Appeals will not consider an argument on appeal which was not presented to the trial court. <u>See</u> <u>Jacques v. Commonwealth</u>, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). Therefore, this argument is barred by Rule 5A:18 and we need not consider it.