COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Bray


RODNEY JAMES MILLER

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1629-00-2         JUDGE JERE M. H. WILLIS, JR.
                                          MAY 29, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF POWHATAN COUNTY
                     Thomas V. Warren, Judge

            (Wayne R. Morgan, Jr., on brief), for
            appellant.  Appellant submitting on brief.

            (Mark L. Earley, Attorney General; Donald E.
            Jeffrey, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting
            on brief.


     On appeal from his convictions of rape, in violation of

Code § 18.2-61, and breaking and entering with the intent to

commit rape, in violation of Code § 18.2-90, Rodney James Miller

contends that the trial court abused its discretion in refusing

to grant him a continuance.  Finding no error, we affirm the

judgment of the trial court.

                        I.   BACKGROUND

     On February 4, 1997, at approximately 12:45 a.m., the

victim's home at 2030 Old Tavern Road in Powhatan County was

broken into, and she was raped.  A Powhatan County grand jury

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

indicted the victim's estranged husband, Rodney James Miller, for one count each of rape, breaking and entering with the intent to commit rape, and inanimate object sexual penetration.

On June 6, 1997, the day of trial, Miller's counsel moved the trial court for a continuance on the ground that several witnesses were not present. She stated, "I was under the impression that these witnesses would come voluntarily. I have contacted the witnesses. Some of them are going to be able to come and some of them aren't. Some of them are material." She further stated, "I did not subpoena witnesses for character because [Miller has] worked for nine years. His father is hospitalized. He is not here because he is having surgery today. He is not available and neighbors aren't here."

Miller told the court that he had talked with his attorney on at least two occasions for approximately two or two and a half hours. When asked by the court whether he was satisfied with the services rendered by his attorney, he stated, "No . . . [b]ecause not all of my witnesses have been subpoenaed that can enlighten this case, and . . . I have basically very few character witnesses here today on my behalf."

When asked by the trial court whether all of the witnesses were character witnesses, Miller's counsel responded that they were not and that the witnesses would "contradict some of the evidence that we have heard at the preliminary hearing." When questioned by the trial court why these witnesses had not been

-

subpoenaed, Miller's counsel responded, "Just because of the nature of the people were good friends. . . . Also, I have had to work with an assistant who I can't get rid of and haven't had for long."  Noting that the witnesses had not been subpoenaed and that Miller's counsel had "four months" to prepare for trial, the trial court denied the motion for a continuance.

Miller was tried by a jury and was convicted of rape and breaking and entering with the intent to commit rape, but was acquitted of inanimate object sexual penetration.  On appeal, he contends that the trial court abused its discretion in denying his motion for a continuance.

## II.   MOTION FOR A CONTINUANCE

A motion for a continuance in order to obtain the presence of a missing witness is addressed to the sound discretion of the trial court.  See Shifflett v. Commonwealth, 218 Va. 25, 30, 235 S.E.2d 316, 319 (1977).

> The Virginia Supreme Court has established a
> two-pronged test for determining whether a
> trial court's denial of a continuance
> request is reversible error.  Under this
> test, we may reverse a trial court's denial
> of a motion for a continuance only if it
> appears from the record:  (1) that the court
> abused its discretion and (2) that the
> movant was prejudiced by the court's
> decision.

Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998) (citation omitted).

-

We find no abuse of discretion in the trial court's denial of Miller's motion for a continuance. "In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure his attendance at trial." Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990). In Cherricks, we said "[h]ad the witness in fact not been subpoenaed, the appellant would be in no position to dispute the denial of a continuance. Such a lack of [due] diligence on his part would bar him from contesting the trial court's ruling." Id. at 100, 396 S.E.2d at 400. See also Shifflett, 218 Va. at 30, 235 S.E.2d at 319-20 (holding that the accused had not exercised due diligence in issuing a subpoena two days before trial). The record establishes that Miller failed to exercise due diligence in securing the presence of his witnesses, and the trial court implicitly so found. Miller's counsel had four months to prepare for trial. She provided no justifiable reason for her failure to subpoena the witnesses. See McDonnough v. Commonwealth, 25 Va. App. 120, 129, 486 S.E.2d 570, 574 (1997).

Further, the record fails to establish that Miller was prejudiced by the denial of his motion for a continuance. Although his counsel stated that the missing witnesses were "material," she made no proffer in support of this characterization of the expected testimony. Thus, whether

-

Miller was prejudiced by the denial of a continuance is a matter of speculation.  We cannot determine whether the testimony of the missing witnesses would have been in his favor.  <u>See</u> <u>Cardwell v. Commonwealth</u>, 248 Va. 501, 508, 450 S.E.2d 146, 151 (1994) (holding that the prejudice allegedly resulting from the denial of a continuance cannot be based on mere speculation and must appear from the record).

For these reasons, we hold that the trial court did not abuse its discretion in denying Miller's motion for a continuance.

<u>Affirmed.</u>