COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Petty and Senior Judge Annunziata
Argued at Alexandria, Virginia


PHYLLIS DENISE REESE

                                  MEMORANDUM OPINION[*] BY
v.       Record No. 1684-07-4           JUDGE WILLIAM G. PETTY
                                    MARCH 25, 2008

MARK ALAN REESE


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

David E. Jones for appellant.

Deborah N. Arthur for appellee.


Phyllis Denise Reese, wife, appeals a decision by the trial court awarding Mark Alan Reese,

husband, a divorce *a viniculo matrimonii*.  On appeal, wife contends the trial court erred by:

(1) failing to order the parties' minor child to appear at a hearing and failing to grant a continuance;

(2) dividing husband's military pension based on the number of months the parties were separated;

and (3) finding husband incurred $800 per month in child care costs.  As explained below, we

affirm in part, but reverse and remand the trial court's equitable distribution of husband's pension.

I.

This case involves a somewhat contentious divorce.  The parties were married on June 5,

1992.  Husband is a career army officer with almost eighteen years of service.  Due to husband's

various deployments and overseas service and the parties' marital issues, the parties were

temporarily separated many times during their marriage; however, the parties reconciled each time

until their final separation in June 2005.  The parties have one minor child.  At a separate

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proceeding, husband was awarded custody of this child. Because husband's job duties require him to travel for up to a week or two at a time, he employs a nanny, to whom he pays $800 per month.

## II.

### Continuance

Wife argues that the trial court committed reversible error by failing to grant a continuance in the custody hearing below.[1] Wife contends that, although she did not subpoena her daughter, the trial court was obligated to grant a continuance when husband failed to bring the child to court after she was included on wife's witness list. This record does not establish that the trial court abused its discretion in this matter; accordingly, we affirm.

Decisions regarding the granting of continuances lie within the discretion of the trial court. Lebedun v. Commonwealth, 27 Va. App. 697, 712-13, 501 S.E.2d 427, 434 (1998). Its ruling will be reversed "'only if it is plainly erroneous and upon a showing of abuse of discretion and resulting prejudice to the movant.'" Butler v. Commonwealth, 264 Va. 614, 621, 570 S.E.2d 813, 817 (2002) (citations omitted).

"In determining whether the trial court properly exercised its discretionary powers, we look to the diligence exercised by the moving party to locate the witness and secure [her] attendance at trial." Cherricks v. Commonwealth, 11 Va. App. 96, 99-100, 396 S.E.2d 397, 399 (1990). In Cherricks, we said "[h]ad the witness in fact not been subpoenaed, the appellant would be in no position to dispute the denial of a continuance. Such a lack of diligence on [the appellant's] part would bar [her] from contesting the trial court's ruling." Id. at 100, 396 S.E.2d at 400.

Wife admitted she did not subpoena the child to testify at the February 7, 2007 hearing. Therefore, wife failed to exercise diligence in securing the presence of the child as a witness. In

---

[1] Judge Charles Maxfield entered the custody order in this case.

addition, wife provided no justifiable reason for her failure to subpoena the witness. See

McDonnough v. Commonwealth, 25 Va. App. 120, 129, 486 S.E.2d 570, 574 (1997) ("We hold,

however, that due diligence requires, at a minimum, that a party attempt to subpoena the witness

or provide a reasonable explanation why a subpoena was not issued."). Therefore, the trial court

did not err by ruling that, in the absence of the witness being served with a subpoena, the court

could not compel the presence of the witness at the trial. Furthermore, the record fails to establish

that wife was prejudiced by the denial of her motion for a continuance. Accordingly, the trial court

did not abuse its discretion by denying the motion for a continuance.[2]

## Military Pension

Wife argues that the trial court erred in its equitable distribution of husband's military

pension. On appeal, "[a] decision regarding equitable distribution rests within the sound

discretion of the trial court and will not be disturbed unless it is plainly wrong or without

evidence to support it." Holden v. Holden, 31 Va. App. 24, 26, 520 S.E.2d 842, 844 (1999)

(citing McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)). Here,

however, "it appears from the record that the trial judge [did] not conside[r] or . . . misapplied

one of the statutory mandates" in classifying the marital share of the pension, and therefore made

a legal error below. Ellington v. Ellington, 8 Va. App. 48, 56, 378 S.E.2d 626, 630 (1989).

---

[2] Wife argues that without the child's presence at the custody hearing, the trial court could not consider her "reasonable . . . preference" regarding custody, pursuant to Code § 20-124.3. This argument is without merit. The trial judge carefully discussed each of the statutory factors at the conclusion of the custody hearing. He noted that the parties' daughter had been present at a hearing a few months earlier, and "expressed a willingness to live with the father" at that time. The trial judge noted that this previously expressed preference was not controlling. Thus, the trial court fulfilled its duty to consider each of the statutory factors – including the child's reasonable preference. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 339 (1999).

Accordingly, we must reverse and remand for a proper determination of the marital share of the pension.

In making an equitable distribution award, "the [trial] court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Gottlieb v. Gottlieb, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994). This process involves three steps. First, the trial court "must classify the property as either separate or marital. The court must then assign a value to the property based upon evidence presented by both parties. Finally, the [trial] court distributes the property to the parties, taking into consideration the factors presented in Code § 20-107.3(E)." Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991); Banagan v. Banagan, 17 Va. App. 321, 326, 437 S.E.2d 229, 232 (1993) ("To ensure an equitable distribution of the marital wealth in accordance with Code § 20-107.3, the marital share of the pension must be initially determined in accordance with the statute . . . ."); see also Code § 20-107.3(A).

This three-step process is reflected in Code § 20-107.3(G), which governs the equitable distribution of pensions. The statute defines the marital share of a pension as "that portion of the total interest, *the right to which was earned during the marriage and before the last separation of the parties*, if at such time or thereafter at least one of the parties intended that the separation be permanent." Code § 20-107.3(G)(1) (emphasis added). The statute goes on to explain that "[t]he [trial] court may" then distribute the marital share of the pension by "direct[ing] payment of a percentage of the marital share of any pension, . . . which constitutes marital property . . . ." Id.

In Mosley v. Mosley, 19 Va. App. 192, 198, 450 S.E.2d 161, 165 (1994), we held that Code § 20-107.3(G) "can be implemented through the use of a simple formula." The trial court used this formula below. According to the formula, "[t]he number of years that the spouse was

- 4 -

in the pension plan while in the marriage serves as the numerator and the total number of years in the pension plan serves as the denominator. This fraction establishes the marital share of the pension as defined by the statute." Id. It is undisputed that the correct denominator in this case is twenty years – or, as the trial court termed it, 240 months – the amount of time the husband will have served in the military when he becomes eligible for his pension. The dispute, both here and below, involves the determination of the appropriate numerator: the number that reflects the amount of time the pension "was earned during the marriage" until the parties' permanent separation. Code § 20-107.3(G)(1).

The parties were married on June 5, 1992, and finally separated on June 23, 2005. Husband argued at trial, however, that wife should not be credited for time the parties lived separately during the marriage. The trial court agreed, holding that it was "not going to give [wife] a portion of the pension when she was not living with her husband." The trial court accepted husband's argument that he and wife were "estranged" for all but 110 months of the marriage. Thus, the trial court used 110 months as the numerator in the marital share formula and 240 months as the denominator.

The trial court's use of 110 months as the numerator in the marital share formula is not supported by the facts of this case. The record indicated that, until the wife moved out of the marital residence in June 2005, the parties did not view their previous separations as permanent. Rather, while husband's testimony shows that the parties temporarily separated because, as husband admitted, he "hit [his] little girl," they later resumed living together. They separated again in 2000, but again reunited and lived together for several years after that, filing joint tax returns through 2004. Moreover, the parties lived separately at various times during the marriage due to husband's military duties and wife's work as a "traveling nurse," but would resume living together when their work schedules allowed. Wife left the marital home in June 2005 and never

- 5 -

returned, thus demonstrating, on this set of facts, that she intended a permanent separation at that time as required by Code § 20-107.3(G)(1).

Because the pension was accrued during the marriage, husband bore the burden of rebutting wife's claim to a marital share of the pension accruing during the *entire* marriage.[3] See Banagan, 17 Va. App. at 325, 437 S.E.2d at 232 ("[P]ension or retirement interests embraced within the statutory marital share are presumptively marital property and the party claiming otherwise must present evidence sufficient to overcome this presumption." (citing Stroop v. Stroop, 10 Va. App. 611, 614-15, 394 S.E.2d 861, 863 (1990) ("All property acquired by either spouse during the marriage is presumed to be marital property in the absence of satisfactory evidence that it is separate property.")))). By employing a formula that excluded consideration of property that the husband acquired while the parties were only temporarily separated, the trial court classified that property as separate. This was error. Here, husband's own testimony indicates that the parties were not permanently separated until June 2005. Thus, according to the plain language of Code § 20-107.3(G)(1), the marital share must be based on the entire time that the parties were married.[4] Accordingly, we reverse and remand to the trial court for the equitable distribution of the husband's military pension, with the marital share predicated on the entire time the parties were married prior to their final separation.

---

[3] At the equitable distribution hearing, husband's counsel indicated to the trial court that he was "going to hand things up" regarding the amount of time the parties lived together, and wife indicates in her brief that this was a chart husband had prepared. However, this document was not admitted into evidence and is not a part of the record before this Court.

[4] The trial court is not required to divide the pension equally. See Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998) ("Virginia law does not establish a presumption of equal distribution of marital assets. It is within the discretion of the court to make an equal division of assets, or to make a substantially disparate division of assets, as the factors outlined in Code § 20-107.3(E) require." (internal citations omitted)). However, the trial court is required to properly classify property prior to valuing and distributing it. See Marion, 11 Va. App. at 665, 401 S.E.2d at 436.

<u>Child Care Costs</u>

Wife contends that the trial court erred by finding that husband spends $800 per month in child care costs. However, husband testified he spends $800 per month in child care costs, and the trial court accepted his testimony, finding that the amount was "not unreasonable." It is well settled that "[t]he credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Husband's testimony was competent and was not inherently incredible. Hence, we hold that the evidence supported the trial court's decision.

III.

While we hold that the trial court did not err in refusing to grant wife a continuance or in determining child care costs, we do hold that the trial court erred in determining the appropriate marital share of husband's military pension. Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.

<u>Affirmed in part,
reversed and
remanded in part.</u>