Richmond

## JAMES RAY DEAVERS

v.

## COMMONWEALTH OF VIRGINIA

June 8, 1979.

Record No. 781348.

Present: All the Justices.

*Eric E. Adamson (Michael L. Oddenino,* on brief), for appellant.

*Robert H. Anderson, III, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

PER CURIAM.

On February 14, 1975, James Ray Deavers was convicted by a jury of two counts of grand larceny and one count of common-law burglary.* He escaped from custody and upon his eventual recapture was, on June 8, 1978, sentenced to confinement in the penitentiary for a term of seven years. The defendant appeals, arguing that he was denied the opportunity to question an alleged accomplice as to whether the accomplice had been promised leniency in exchange for his testimony on behalf of the Commonwealth.

On or about February 9, 1973, dwellings owned by Calvin Stride and Lawrence Rayburn, located in Warren County, Virginia, were burglarized. Among the items taken were a freezer, cabinets, assorted tools, a kitchen stove, a commode, a fireplace screen and plumbing supplies. The evidence establishes that the crimes were committed by Sam Souers, assisted by the defendant, James Ray Deavers, and Deavers' half-brother, Charles Parker. After being fully advised of his constitutional rights, Deavers made three statements detailing the part that he played in the commission of the offenses. The statements were admitted in evidence without objection. In them he claimed that Souers was the principal instigator of the larcenies, but admitted that he and Parker participated in the crimes.

The Commonwealth, in its case-in-chief, established that a number of the stolen items were found in the defendant's residence and in residences of his relatives. Additionally, it called Charles Parker as a witness, who testified as to his, Souers' and Deavers' involvement in the larcenies of the properties. Subsequently, Parker was called by the defendant who sought to determine whether Parker had been offered leniency in exchange

---

*The four-count indictment charged Deavers with the common-law burglary of two houses, one owned by Calvin Stride and one owned by Lawrence Rayburn, as well as grand larceny from each owner. Deavers was found guilty of all charges except the burglary of the Stride house.

for his testimony. Although the Commonwealth's Attorney did not object to this line of questioning, observing that the Commonwealth would "show that there was no agreement of any kind", the trial court ruled the testimony inadmissible.

■ It is well established that an accused has the right to attack the credibility of a witness by demonstrating prejudice, and to show his true motive for giving adverse testimony. In showing such a motive it is proper for a defendant to show that an adverse witness had received, or had been promised, favorable treatment from the Commonwealth in exchange for his testimony. *Whittaker v. Commonwealth,* 217 Va. 966, 234 S.E.2d 79 (1977); *Davis v. Commonwealth,* 215 Va. 816, 213 S.E.2d 785 (1975); *Woody v. Commonwealth,* 214 Va. 296, 199 S.E.2d 529 (1973); *Moore v. Commonwealth,* 202 Va. 667, 119 S.E.2d 324 (1961). The trial court should have permitted counsel for the defendant to determine from Parker if he had made any agreement with the Commonwealth or had been promised leniency in exchange for favorable testimony. However, it is argued by the Commonwealth, *inter alia,* that any error committed by the trial court in this regard was harmless error. We agree.

■ The statements given by Deavers to the police officers implicated himself along with Souers and Parker. He said that Souers "told me about a place up at Bentonville [the location of the Stride and Rayburn houses] he wanted to take some stuff out of. I knew the stuff was hot", and further "Sam [Souers] asked Charles [Parker] if he would keep his mouth shut about anything that happened". Deavers admitted "I knew what was going on but I did not say anything because I was afraid Sam would beat my a..". The defendant detailed how he assisted in removing the goods, and said: "I knew then for sure the stuff was hot [stolen] but I went on and put the kitchen cabinets in my house and also the fire place set." He further said that he gave Souers $25 for the refrigerator, "even though I knew it was stolen".

It is clear from the evidence in this case that the only conclusion which could have been reached by the jury was that the defendant committed the crimes of which he was convicted in the lower court. We therefore hold that the error complained of was harmless. *Rozier v. Commonwealth,* 219 Va. 525, 248 S.E.2d 789 (1978); *Davis v. Commonwealth, supra.*

*Affirmed.*