COURT OF APPEALS OF VIRGINIA


Present:    Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


ALEXANDER ALMOND, JR.

                                                           MEMORANDUM OPINION* BY
v.        Record No. 0273-03-2                        JUDGE WILLIAM H. HODGES
                                                                   JULY 20, 2004
COMMONWEALTH OF VIRGINIA



                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                   George F. Tidey, Judge

            Craig S. Cooley (Law Office of Craig Stover Cooley, on brief), for
            appellant.

            Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General; Jennifer R. Franklin, Assistant Attorney General,
            on brief), for appellee.


        Alexander Almond, Jr. appeals from his convictions of two counts of forcible sodomy.  On

appeal, he contends the trial court committed reversible error (1) in finding the evidence was

sufficient to support the convictions; and (2) by placing an improper limitation on the scope of the

cross-examination of the victim, appellant's nine-year-old daughter.  For the reasons that follow, we

reverse the convictions and remand for a new trial.

                                Limitation of Cross-Examination

        During his bench trial, appellant asked the following question of the victim on

cross-examination:  "Okay.  Now did your mom tell you that your father, Mr. Almond here,

refused to give up his parental rights?"  The Commonwealth objected to the question on the

ground that it was "blatant hearsay."  The trial court sustained the objection.  When appellant's

───────────────
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

counsel explained that it was not hearsay because it was not being offered for the truth of the matter asserted, the trial judge responded, "Everything is offered for the truth. I sustained the objection." Appellant argued in the trial court, as he now does on appeal, that the case against him was "motivated by an effort to change [his] custodial or parental rights." He argued that his refusal to terminate his parental rights was "motivation behind this, probably being initiated by the mother, but at a minimum one that was related to the daughter." Appellant argued that the proffered question was relevant to show the victim's knowledge of the issue in order to show her bias and motivation for testifying or fabricating.

> "[T]he simplest definition of hearsay [is] 'testimony of a witness in court about statements made out of court[,] by another person.'" Similarly, the Supreme Court of Virginia has defined hearsay as "'[a] term applied to that species of testimony given by a witness who relates, not what he knows personally, but what others have told him, or what he has heard said by others,'" and "testimony which consists [of] a narration by one person of matters told him by another."
>
> However, "[i]f the declaration is offered solely to show that it was uttered, without regard to the truth or falsity of its content, the declaration is not excluded by the hearsay rule." Therefore, unless a statement is offered to show its truth, the out-of-court statement is not subject to the rule against hearsay and is admissible if relevant. "Determining whether a statement is offered to prove the truth or falsity of the matter asserted requires an analysis of the purpose for which the statement is offered into evidence."

Bryant v. Commonwealth, 39 Va. App. 465, 472-73, 573 S.E.2d 332, 335-36 (2002) (citations omitted).

Appellant proffered the question to the trial court for the purpose of showing why the victim might testify and her motive to fabricate the charges against him. In other words, he asked the question in order to challenge the victim's credibility. The question did not relate to the truth of the matter asserted, i.e., whether appellant had actually refused to terminate his

parental rights.  Rather, it asked whether the victim had knowledge, based upon discussion with her mother, that appellant had refused to terminate his parental rights for the purpose of establishing an explanation for the victim's testimony against appellant.  "The hearsay rule does not operate to exclude evidence of a statement, request, or message offered for the mere purpose of explaining or throwing light on the conduct of the person to whom it was made." Fuller v. Commonwealth, 201 Va. 724, 729, 113 S.E.2d 667, 670 (1960).  Accordingly, because the question did not call for inadmissible hearsay, the trial court erred in sustaining the Commonwealth's objection to the question on that ground and, thereby, improperly limited appellant's cross-examination of the victim.

The Commonwealth argues that the trial judge's restriction of cross-examination was harmless. We disagree.

"Cross-examination is fundamental to the truth-finding process . . . [and] is an absolute right guaranteed by the confrontation clause of the Sixth Amendment." Barker v. Commonwealth, 230 Va. 370, 376, 337 S.E.2d 729, 733 (1985).  Questioning the motive of a witness in testifying "'is a proper and important function of the constitutionally protected right of cross-examination.'" Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986) (citation omitted). See also Deavers v. Commonwealth, 220 Va. 14, 16, 255 S.E.2d 458, 459 (1979) (accused has right to attack witness' credibility and to show true motive for giving adverse testimony). Absent a showing of abuse in the conduct of the examination, a defendant has an absolute right to cross-examination of witnesses for bias or motivation. Hewitt v. Commonwealth, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984).

In evaluating a court's erroneous restriction of cross-examination, "'[t]he correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized,

[we] might nonetheless say that the error was harmless beyond a reasonable doubt.'" Maynard *v.* Commonwealth, 11 Va. App. 437, 448, 399 S.E.2d 635, 641 (1990) (*en banc*) (quoting Van Ardsall, 475 U.S. at 684). This analysis "is akin to harmless error review in cases of improperly admitted evidence, where the error is held harmless if the record contains 'overwhelming' evidence of guilt. . . . [The victim's] testimony is the 'improper' evidence we evaluate, to determine its effect, if any, on the verdict." Scott v. Commonwealth, 25 Va. App. 36, 42-43, 486 S.E.2d 120, 123 (1997) (citations omitted). In performing such analysis, we evaluate the following:

> "[T]he importance of [the victim's] testimony in the prosecution's case, whether [the victim's] testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of [the victim] on material points, the extent of cross-examination [of the victim] otherwise permitted and, of course, the overall strength of the prosecution's case."

Williams v. Commonwealth, 4 Va. App. 53, 78-79, 354 S.E.2d 79, 93 (1987) (quoting Van Ardsall, 475 U.S. at 684).

Here, appellant proffered the excluded question to challenge the victim's credibility and to show her motive to fabricate. In this case, the uncorroborated testimony of the nine-year-old victim, who was around four to five years old when the alleged criminal acts occurred, was the only evidence linking appellant to the crimes charged. Thus, the victim's credibility was a crucial issue. Her testimony was critical to the prosecution's case and was not cumulative of other evidence. In addition, her testimony was contradicted by other witnesses on several material points pertaining to whether or not appellant had refused to bathe her or to put medication on her genitals. Although the trial judge allowed appellant to cross-examine the victim on whether she ever thought about someone else being her dad, the trial judge did not allow appellant to cross-examine the victim on whether her mother had told her that appellant

- 4 -

had refused to terminate his parental rights. Our review of the record does not establish beyond a reasonable doubt that if appellant had been permitted to examine the victim regarding bias and motivation, the fact finder would not have rejected her testimony and the outcome of the case would have been the same.

Thus, we conclude that the error committed by the trial court was not harmless beyond a reasonable doubt.

### Sufficiency

"Notwithstanding the fact that we reverse [appellant's convictions], . . . we address [his] sufficiency of the evidence argument because the Commonwealth would be barred on double jeopardy grounds from retrying appellant if we were to reverse for insufficiency of the evidence." Timbers v. Commonwealth, 28 Va. App. 187, 202, 503 S.E.2d 233, 240 (1998).

In reviewing the sufficiency of the evidence, we consider the record, "'in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom.'" Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted). The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from proven facts are matters to be determined by the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

Viewed accordingly, the victim's testimony, if believed by the fact finder, and the reasonable inferences fairly deducible therefrom, clearly provided sufficient support for the convictions. The victim testified that during the mid-to-late 1990's, she visited appellant by herself on several occasions. At the time, she was around five years old. Appellant and the

victim's mother were separated, and appellant retained visitation rights with the victim. The victim testified that one night when she was visiting appellant and she was on the waterbed in appellant's rented room, he told her to "Lay down" and "suck on something." She sucked appellant's penis, and "could taste something salty on it." The inside of her mouth touched appellant's penis. The incident lasted a few minutes. The next morning appellant blindfolded the victim with a red bandana and told her to "suck on it again." She complied, and again tasted "salty stuff." Although she did not see appellant's penis on either occasion, she knew it was his penis because she could see him from "his belly up." Appellant was a few inches from her when she looked up at him. The victim described the skin on appellant's penis as being "soft" when it was in her mouth. The fact finder believed the victim's testimony and rejected appellant's testimony to the contrary. "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500 S.E.2d 233, 235 (1998).

We, therefore, reverse the trial court for the reasons stated and remand for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.