COURT OF APPEALS OF VIRGINIA


Present:    Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


JAMAL MAHMOUDZEDEH, S/K/A
  JAMAL MAHMOUDZADEH
                                                            MEMORANDUM OPINION[*] BY
v.       Record No. 2973-07-4                          JUDGE JAMES W. HALEY, JR.
                                                                 JUNE 16, 2009
COMMONWEALTH OF VIRGINIA


                     FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                            Benjamin N. A. Kendrick, Judge

                   W. Mark Dunn (Jennifer J. Flanagin; John A. Boneta & Associates,
                   on brief), for appellant.

                   Joanne V. Frye, Assistant Attorney General (Robert F. McDonnell,
                   Attorney General; Karen Misbach, Assistant Attorney General II, on
                   brief), for appellee.


                                  I.  INTRODUCTION

       Appealing his jury convictions for computer solicitation of a minor in violation of Code

§ 18.2-374.3 and attempted indecent liberties with a minor in violation of Code § 18.2-370,

Jamal Mahmoudzedeh argues the trial court erred in precluding him from eliciting testimony

from three witnesses that after Mahmoudzedeh showed them a photograph of the female he

believed he was chatting with on the internet, they told him the female was likely in her

mid-twenties.  Mahmoudzedeh contends this testimony would have shown he lacked the

requisite criminal intent.  We hold that, assuming without deciding the trial court erred, any error

was harmless since Mahmoudzedeh told the police after his arrest he thought the woman was

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

fourteen to fifteen years old and the female had advised in email traffic she was thirteen. Accordingly, we affirm.

## II. BACKGROUND

In the fall of 2006, police officer Chris Feltman conducted an undercover investigation of sexual predators on the internet. He did this by logging into a public internet chat room identified for romance and, while posing as Brooke Angelo with the screen name Dreamin2Cheer, waiting for someone to contact him via instant messaging.

Mahmoudzedeh contacted Feltman on November 15, 2006. Feltman told him Angelo was thirteen years old and living in Arlington, Virginia. Feltman also provided Mahmoudzedeh photos supposed to represent Angelo. In fact, the photos depicted a female Stafford County police officer between twenty-eight to thirty years old. During the first discussion and some of the ensuing chats, Mahmoudzedeh proposed to engage in sexually oriented behavior with Angelo, aside from actual sexual intercourse. It is unnecessary to repeat the details in this opinion. We note Mahmoudzedeh was also repeatedly told Angelo was only thirteen years old during internet conversation and that he acknowledged this in the internet chats.

Mahmoudzedeh requested to meet Angelo in the first chat. He also requested to see her on November 27 and November 30. Feltman eventually had Angelo agree to meet Mahmoudzedeh at a pre-determined location and time. When Mahmoudzedeh arrived, he was arrested.

A grand jury indicted Mahmoudzedeh for computer solicitation of a minor and attempted indecent liberties with a minor. A jury trial was held on July 30-31, 2007, during which Feltman testified and the Commonwealth introduced transcripts of the internet chats between Feltman and Mahmoudzedeh.

In response, Mahmoudzedeh attempted to have three witnesses testify he showed them a photo of Angelo, asked how old they believed she was, and that each responded she was in her mid-twenties. Mahmoudzedeh maintained this would demonstrate his state of mind as lacking a criminal intent to engage in sexual activity with a minor. However, the Commonwealth objected that the proposed testimony was irrelevant and hearsay. The trial court held Mahmoudzedeh could inquire of the witnesses whether he showed them a photo of Angelo and asked how old she was, but could not ask the witnesses about how they responded. The court held the responses constituted inadmissible hearsay since "no nexus" existed between the witnesses' testimony and Mahmoudzedeh's "actual state of mind" without prior testimony by Mahmoudzedeh. Yet Mahmoudzedeh did not wish to testify. Based on the trial court's ruling, Mahmoudzedeh called the three witnesses, each of whom confirmed Mahmoudzedeh had shown them a photo and had inquired about the age of the person depicted in it. Pursuant to the trial court's instructions, defense counsel did not elicit how the witnesses responded.

In rebuttal, the Commonwealth recalled Feltman, who testified that after the arrest, Mahmoudzedeh told him he thought Angelo was fourteen or fifteen years old. This occurred after Feltman informed Mahmoudzedeh of his Miranda rights and had him sign a form acknowledging receipt of that information. Feltman also testified that while Mahmoudzedeh is clearly not a native English language speaker, there were never "any problems during the interview that were not clarified, nor during any [internet] chats."

The jury convicted Mahmoudzedeh of both charges. He now appeals the trial court's decision to exclude his witnesses' testimony as to what they told him concerning the probable age of Angelo.

III.  ANALYSIS

As courts have often stated, a defendant "is entitled to a fair, but not perfect, trial, as there are no perfect trials."  Blevins v. Commonwealth, 267 Va. 291, 297, 590 S.E.2d 365, 368 (2004). Where a defendant alleges the trial court erred concerning hearsay testimony, we may assume without deciding the error occurred, apply a harmless error analysis, and affirm if we conclude the error was harmless.  Adams v. Commonwealth, 275 Va. 260, 277, 657 S.E.2d 87, 97 (2008).

Our Supreme Court has adopted the test of the United States Supreme Court for determining non-constitutional harmless error.  Billips v. Commonwealth, 274 Va. 805, 810, 652 S.E.2d 99, 102 (2007).  That test has been stated as follows:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and the judgment should stand . . . . But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. . . . If so, or if one is left in grave doubt, the conviction cannot stand."

Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731-32 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764-65 (1946)).  "Under this standard, non-constitutional error is harmless if other evidence of guilt is so 'overwhelming' and the error so insignificant by comparison that we can conclude the error 'failed to have any "substantial influence" on the verdict.'"  Schwartz v. Schwartz, 46 Va. App. 145, 159, 616 S.E.2d 59, 66 (2005) (quoting United States v. Lane, 474 U.S. 438, 450 (1986)).

The Virginia Supreme Court considered harmless error under facts relevant to this case in Deavers v. Commonwealth, 220 Va. 14, 255 S.E.2d 458 (1979).  The prosecution alleged the defendant, with the help of two accomplices, committed burglary and grand larceny.  Id. at 15, 255 S.E.2d at 458.  At trial, the court improperly precluded the defendant from questioning one of the accomplices about whether he had received leniency in exchange for testifying against the

- 4 -

defendant.  Id. at 15-16, 255 S.E.2d at 459.  Yet the Court held that given the presence of statements by the defendant to police whereby the defendant admitted his guilt, the error was harmless.  Id. at 16, 255 S.E.2d at 459.

This Court evaluated another relevant situation in Abney v. Commonwealth, 51 Va. App. 337, 657 S.E.2d 796 (2008).  The defendant argued the trial court violated his Confrontation Clause rights by admitting an autopsy report prepared by a deceased physician and permitting another physician to testify about the report.  Id. at 352-53, 657 S.E.2d at 803-04.  The allegedly improper evidence revealed how the victim, who was the defendant's wife, died.  Id. at 352, 657 S.E.2d at 803.  We held any error harmless since the defendant admitted killing his wife; he simply claimed it was an accident.  Id. at 354, 657 S.E.2d at 804.  As no dispute existed concerning the allegedly improper evidence, any error was harmless.  Id. at 354-55, 657 S.E.2d at 804-05.

In this case, a conviction for computer solicitation of a minor under Code § 18.2-374.3(B) required the prosecution to prove Mahmoudzedeh acted for "procuring or promoting the use of a minor for" certain illegal activities.  A conviction for attempted indecent liberties with a minor under Code § 18.2-370 required the Commonwealth to prove Mahmoudzedeh attempted to commit sexually related acts with a person "under the age of 15 years."

We conclude that assuming without deciding the trial court erred in precluding Mahmoudzedeh from inquiring of his three witnesses what they said concerning Brooke Angelo's age, any error was harmless since Mahmoudzedeh told the police after his arrest that he believed Angelo was only fourteen to fifteen years old.  Mahmoudzedeh proffered that each witness would have testified Angelo appeared between twenty-four to twenty-six years old.  Officer Feltman testified that when he interviewed Mahmoudzedeh after the arrest,

Mahmoudzedeh stated "that he believed that girl to be fourteen or fifteen years old." While Officer Feltman conceded it was obvious Mahmoudzedeh was not a native English language speaker, he also testified he never "encounter[ed] any problems during the interview that were not clarified, nor during any [prior internet] chats." This evidence plainly rebutted any inference that Mahmoudzedeh thought he was pursuing an adult. Furthermore, while Code § 18.2-370 concerns acts with persons under fifteen years old, we have confidence that given Mahmoudzedeh's admission that he thought Angelo may have been fourteen, along with the repeated references during internet chats to Angelo's age of thirteen, any error did not affect the jury verdict. Accordingly, any error by the trial court was harmless.

For the foregoing reasons, we affirm the judgment of the trial court.

<u>Affirmed.</u>