COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Ortiz and Causey
Argued by videoconference


SAMUEL WAYNE HALE

                                          MEMORANDUM OPINION* BY
v.        Record No. 0112-22-3           JUDGE MARY BENNETT MALVEAUX
                                              DECEMBER 20, 2022
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FLOYD COUNTY
K. Mike Fleenor, Jr., Judge

Ryan D. Hamrick (Hamrick & Hamrick, P.C., on brief), for
appellant.

Rebecca M. Garcia, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Upon his guilty pleas, the trial court convicted Samuel Wayne Hale ("appellant") of

malicious wounding of a law enforcement officer, in violation of Code § 18.2-51.1, use of a firearm

in the commission of malicious wounding of a law enforcement officer, in violation of Code

§ 18.2-53.1, and three counts of attempted capital murder of a law enforcement officer, in violation

of Code §§ 18.2-31(A)(6) and -25.[1]  Appellant argues that the trial court erred by granting the

Commonwealth's motion to amend the code sections referenced in the attempted capital murder

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's indictments were returned in January 2020 and alleged attempted capital
murder.  Effective July 1, 2021, the General Assembly abolished capital punishment and
amended Code § 18.2-31 to define premeditated murder committed with specified factors as
"aggravated" rather than "capital" murder.  *See* Acts 2021, Spec. Sess. I, chs. 344, 345.
Simultaneously, the felony attempt statutes, Code §§ 18.2-25 and -26, were amended to remove
language referring to attempts to commit capital and noncapital offenses.  *Id.*

indictments while he was awaiting sentencing. For the following reasons, we affirm the trial court's judgment.

## I. BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

At appellant's plea hearing, the Commonwealth proffered evidence that after appellant fled an attempted traffic stop on October 11, 2019, he fired multiple shots from a pistol at three deputies from the Floyd County Sheriff's Office. Appellant's gunfire struck one deputy in the hand and struck the vehicles of the other deputies. Appellant eventually surrendered to police and told them that he had decided to "do something stupid" by fleeing from the attempted traffic stop. He also admitted that he had "thr[o]w[n] some shots" at all three officers.

Appellant was indicted for the offenses noted above.[2] Each attempted murder indictment was captioned "attempted capitol [sic] murder" and alleged that appellant

> did, unlawfully and feloniously, attempt to willfully, deliberately and with premeditation kill and murder [the officer], knowing or having reason to know that the said [officer] was a law enforcement officer engaged in the performance of his public duties. In violation of [Code §] 18.2-31[(A)](6); 18.2-26, . . . VCC Crime Code MUR-0925-F2.

Appellant, who was represented by counsel, decided to enter guilty pleas to all the charges. He completed and signed a written form acknowledging that he fully understood the charges against him and that the maximum punishment for his crimes, if sentenced consecutively, was

---

[2] Appellant also was indicted for a second count of use of a firearm in the commission of a felony, but the trial court granted the Commonwealth's motion to enter a *nolle prosequi* to that charge as "duplicative."

"[l]ife x 4 [sic], + 30 yrs, + 3 yrs." In completing the form, appellant also acknowledged that he had discussed the charges and how he should plead to them with his attorney.

At the plea hearing, the trial court recited each of appellant's indictments to him before he entered his guilty pleas. The court questioned appellant about his pleas, and he acknowledged that he understood the maximum punishment for each crime. When the trial court asked appellant, "[w]hat's the maximum punishment for the attempted capital murder[]," appellant replied, "[l]ife without parole."[3] The court confirmed appellant's response by asking him, "so you understand that for each of the counts of attempted capital murder that you could receive a life sentence[]," and appellant responded, "[y]es." The court also asked appellant if he understood that the court was not required to follow the sentencing guidelines, and appellant answered affirmatively.

The trial court found that appellant's guilty pleas had been freely, voluntarily, and intelligently made with an understanding of the nature of the charges and the consequences of the pleas. It then accepted the pleas and heard the Commonwealth's proffer of evidence, which appellant acknowledged was an accurate rendition of the facts proving his guilt. The trial court convicted appellant of all the charges.

At appellant's sentencing hearing, the parties jointly moved for a continuance. Counsel for appellant stated that he and the Commonwealth's attorney had "noticed that there were some issues with the sentencing guidelines that had been prepared." The Commonwealth's attorney explained that the probation officer had calculated the guidelines based upon incorrect Virginia Crime Codes[4]

_____

[3] The trial court asked appellant if he understood that "there is no parole in Virginia," and appellant responded that he did understand.

[4] The Virginia Crime Codes are an offense identification system based on the Code of Virginia and developed by the Virginia Criminal Sentencing Commission. *See* Code §§ 17.1-800 to -806. VCC references are required inclusions in "any criminal . . . indictment" that "involves a jailable offense," but "shall only be used to facilitate administration and research[] and shall not have any legal standing as they relate to a particular offense or offenses." Code § 19.2-390.01.

("VCC") listed on some of the indictments, and thus some of the guidelines were incorrect. Although the guidelines and the pre-sentence report had been corrected the previous day, there had not been adequate time for appellant and his counsel to discuss the revised report. The trial court granted the continuance.

The Commonwealth then moved to amend the VCC references on the attempted capital murder indictments because they did not "match either the title of the indictments or . . . what is spelled out in the language of the indictment[s]. It was for an attempted capital murder but the VCC code that was attached was . . . for a first degree murder." Counsel for appellant objected, arguing that the indictments appellant had pled guilty to referenced attempted capital murder of a law enforcement officer in violation of Code §§ 18.2-31 and -26 and that Code § 18.2-26 "is the attempt code section for a non-capital offense. It would be the defense's position that the VCC code referenced should be for a non-capital offense, as that was the code section which [appellant] pled guilty to." The Commonwealth responded that "[t]his should be as no surprise really" because "attempted capital murder was what was discussed. He was informed of that. That's what he pled guilty to . . . . That's what's listed clearly for each of those indictments as the title for the indictment. It's also what's addressed in the [indictments'] language."

The Commonwealth then moved to further amend the indictments to replace references to Code § 18.2-26 with references to Code § 18.2-25, arguing that "[t]he fact that we're before this case is concluded, there's no reason why we can't adjust that." The Commonwealth contended that "[t]his is . . . a technicality to clear up, this is not something that's springing anything new and different on the defense at this point." Further, the Commonwealth argued, appellant was free to withdraw his guilty pleas if he wished to do so. Counsel for appellant objected to amending the code references, stating that "[t]he defense is not contending that this comes as a surprise. . . . The objection really is to the amendment of the code section in the indictment[s] at this point in time."

- 4 -

The trial court granted the motion to amend the VCC codes and the motion to amend the statutory references on each of the three indictments. This appeal followed.

## II. ANALYSIS

Appellant argues that the trial court erred by granting the motion to amend the statutory references in his attempted capital murder indictments while he was awaiting sentencing, because Code § 19.2-231 only authorizes the amendment of indictments prior to a finding of guilt. He further argues that amending the indictments to reflect violations of Code § 18.2-25, rather than violations of Code § 18.2-26, "significantly changed the punishment range of the indictment [he] previously plead[ed] guilty to." Thus, appellant contends, he was "clearly prejudiced" by the amendments because they "took the maximum punishment from 30 years on the three charges to three life sentences."

Code § 19.2-231 provides, in pertinent part, that "[i]f there be any defect in form in any indictment, . . . the court may permit amendment of such indictment, . . . at any time before . . . the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged." Here, appellant's indictments for attempted capital murder of a law enforcement officer alleged violations of two statutes: Code § 18.2-31(A)(6), prohibiting the "willful, deliberate, and premeditated killing of a law-enforcement officer," and designating that offense as a Class 1 felony; and Code § 18.2-26, prohibiting attempts to commit felonies other than Class 1 felonies. The latter statutory reference was in error, and the indictments should have alleged violations of Code § 18.2-25, which prohibits attempts, as here, to commit a Class 1 felony. The Commonwealth moved to amend the indictments to correct the erroneous statutory references. At the time it so moved, and at the time the trial court granted the motion, appellant already had been convicted by the trial court. Accordingly, the amendments to

the indictments were untimely under Code § 19.2-231, and the trial court erred, as alleged by appellant, in granting the motion to amend.

This determination does not conclude our analysis, however, because "under Code § 8.01-678, a harmless error review is required in all cases, unless otherwise provided by another statute." *Commonwealth v. Kilpatrick*, ___ Va. ___, ___ (Aug. 4, 2022). Code § 8.01-678 provides, in pertinent part, that "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached, no judgment shall be . . . reversed . . . for any error committed on the trial." This "'harmless-error check on judicial power has never been a begrudged limitation,' instead it is favored by our courts 'because it stems from the imperative demands of common sense.'" *Galiotos v. Galiotos*, 300 Va. 1, 15 (2021) (quoting *Our Lady of Peace, Inc. v. Morgan*, 297 Va. 832, 853 (2019)). Accordingly, it is a reviewing court's duty "'to consider the trial record as a whole and to ignore errors that are harmless' lest they 'retreat from their responsibility, becoming instead "impregnable citadels of technicality."'" *Commonwealth v. White*, 293 Va. 411, 420 (2017) (quoting *United States v. Hasting*, 461 U.S. 499, 509 (1983)).

Where, as here, "the accused has been apprised [by the indictments] of the 'nature and character of the accusation,' any . . . error is non-constitutional" in nature. *Sims v. Commonwealth*, 28 Va. App. 611, 620 (1998). The test for non-constitutional harmless error under Code § 8.01-678, in a criminal case, is whether "one can[] say, with fair assurance . . . that the judgment was not substantially swayed by the error"; but if "it is impossible to conclude that substantial rights were not affected . . . or if one is left in grave doubt, the conviction cannot stand." *Billips v. Commonwealth*, 274 Va. 805, 810 (2007) (second and third alterations in original) (quoting *Clay v. Commonwealth*, 262 Va. 253, 260 (2001)).

Appellant argues that amending the indictments to allege violations of Code § 18.2-25, rather than violations of Code § 18.2-26, prejudiced him because the amendments revised the maximum punishments for the offenses upwards from thirty years' incarceration to three life sentences.[5]  We disagree.

It is true that then-Code § 18.2-26, referenced in appellant's indictments for attempted capital murder of a law enforcement officer, provided maximum sentences of less than life imprisonment for conviction for attempts to commit noncapital felonies under the statute.  *See* then-Code § 18.2-26 (providing that convictions under the statute were punishable as Class 4, 5, or 6 felonies); Code § 18.2-10(d)-(f) (providing minimum and maximum sentences for Class 4, 5, and 6 felonies).  It is also true that under then-Code § 18.2-25, appellant was subject to a maximum sentence of life imprisonment for attempted capital murder of a law enforcement officer.  *See* then-Code § 18.2-31(A)(6) (providing that capital murder of a law enforcement officer was punishable as a Class 1 felony); then-Code § 18.2-25 (providing that an attempt to commit an offense punishable as a Class 1 felony constituted a Class 2 felony); Code § 18.2-10(b) (authorizing as punishment for a Class 2 felony "imprisonment for life").  But an examination of the record makes clear that this discrepancy did not significantly change the range of punishment that appellant pled guilty to, because appellant repeatedly acknowledged his understanding that he was pleading guilty to offenses for which he could receive life sentences.

The indictments at issue clearly alleged "attempted capitol [sic] murder," described the nature of that offense, and referenced then-Code § 18.2-31(A)(6), the capital murder statute. Appellant completed and signed, and the trial court accepted, a written form acknowledging that

---

[5] Appellant acknowledged at oral argument that the amendment of the indictments did not prejudice him in the preparation of his defense.  *See* Rule 3A:6(a) (providing that an indictment "must cite the statute . . . that defines the offense" but also that "[e]rror in the citation . . . will not be grounds . . . for reversal of a conviction, unless the court finds that the error or omission prejudiced the accused in preparing his defense").

the maximum punishment he could receive for his crimes included a sentence of "[l]ife x 4 [sic]." Appellant also acknowledged in his completed form that he had discussed his charges and how he should plead to them with his attorney. At appellant's plea hearing, the trial court read each indictment before appellant entered his pleas. The court then questioned appellant about his pleas, and appellant acknowledged that he had fully understood the maximum punishment for each crime. Asked specifically if he knew the maximum punishment for attempted capital murder, appellant told the court, "[l]ife without parole." The court then confirmed this response by asking appellant if he understood "that for each of the counts of attempted capital murder [he] could receive a life sentence," and appellant replied affirmatively. Appellant also affirmed that he understood the court was not required to follow the sentencing guidelines. Because the record thus makes clear that appellant understood, when he entered his guilty pleas, that he was subject to maximum punishments of life imprisonment for attempted capital murder of law enforcement officers, we hold that he was not prejudiced by any error in the untimely amendment of his indictments. Accordingly, because we can then say with assurance that the proceedings below were not substantially affected by the amending error and that appellant's substantial rights were not affected by it, we hold that the error was harmless. *See Billips*, 274 Va. at 810.

## III. CONCLUSION

For the foregoing reasons, we find that any error by the trial court in granting an untimely amendment of appellant's indictments was harmless, and we affirm appellant's convictions.

*Affirmed*.