COURT OF APPEALS OF VIRGINIA

Present: Judges Ortiz, Causey and Callins
Argued at Lexington, Virginia


BRIAN REESE COCHRAN
MEMORANDUM OPINION[*] BY
v.      Record No. 1698-24-3       JUDGE DORIS HENDERSON CAUSEY
MARCH 24, 2026
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
James R. McGarry, Judge

Daniel D. Van Nostrand, Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Melanie D. Edge, Assistant Attorney General (Jason S. Miyares,[1]
Attorney General, on brief), for appellee.


Brian Reese Cochran appeals an order of the Circuit Court of Henry County revoking his

suspended sentence due to repeated probation violations. Cochran argues that the trial court

abused its discretion when it denied him a continuance and failed to recuse itself. Finding no

error, we affirm the trial court's judgments.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

BACKGROUND[2]

In 2018, Cochran was convicted of uttering a forged check, felony failure to appear, and grand larceny. He was sentenced to 25 years' incarceration, with 23 years and 14 months suspended. The conditions of the suspension required Cochran to "be of good behavior for 10 years" after his release from confinement and "comply with the rules and requirements set by his Probation Officer."

In 2019, the trial court found that Cochran had violated the terms of his probation when he changed residences without reporting the change to probation and absconding from supervision. The court revoked and resuspended all but six months of Cochran's suspended sentence.

In 2020, the trial court found that Cochran had violated probation when he failed to report to three scheduled probation appointments, tested positive for amphetamines, traveled outside his designated area without permission, absconded from supervision, and incurred new felony and misdemeanor charges. The court revoked and resuspended all of Cochran's suspended sentence but extended his probation obligation by two years.

In 2021, the trial court convicted Cochran of eluding police; possession of methamphetamine; reckless driving; misdemeanor destruction of property; misdemeanor unauthorized use of a motor vehicle; and driving on a suspended license, third or subsequent offense.[3] The court sentenced Cochran to 10 years, 36 months, and 90 days of incarceration,

---

[2] "[W]e will view the evidence received at the [probation] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable legitimate inferences that may be properly drawn from it." *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013). The trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)).

[3] These charges were one of the bases for Cochran's October 2020 probation violation.

with 7 years, 30 months, and 80 days suspended. The court ordered Cochran to pay restitution, "complete any substance abuse screening, assessment, testing and treatment as directed by the Probation Officer," and placed him on two years of supervised probation.

In 2023, the trial court found that Cochran violated probation when he tested positive for amphetamines, failed to report to scheduled meetings with his probation officer as instructed, and absconded from probation. It revoked and resuspended all of Cochran's suspended sentence, extended his probation obligation for two years, and ordered him to complete the CCAP program.

In June 2024, the trial court found that Cochran violated probation when he failed to report to four scheduled meetings with his probation officer as instructed, tested positive for amphetamine, and absconded from supervision. The court revoked and resuspended all of Cochran's suspended sentence and extended his probation for three years.

Later, in August 2024, Cochran's probation officer reported that he had failed to appear at two scheduled meetings, changed his residence without permission, and absconded from supervision. Additionally, Cochran had charges pending in a neighboring jurisdiction. The probation officer advised that waiting for the disposition of the pending charges would have a negligible impact on the revocation sentencing guidelines because they were likely "maxed out" given his previous violations. A capias was issued for Cochran's arrest.

On September 16, 2024, the trial court granted Cochran's motion for screening by the District 22 Probation and Parole Department to determine his eligibility for the Behavior Corrections Program (BCP); this screening was to take place before the scheduled September 25th revocation hearing. Days later, Cochran's probation officer told the court that the BCP referral could not be completed because of Cochran's pending charges in another jurisdiction.

At the subsequent revocation hearing, the trial court noted that the discretionary revocation sentencing guidelines recommended a sentence of one year, at the low end, to four years at the high end. Cochran moved to continue the revocation hearing because he had charges pending in another jurisdiction and a conviction could trigger another violation and interfere with his eligibility for the BCP. The Commonwealth opposed the continuance arguing that resolution of Cochran's pending charges would have little effect on the guidelines.

When the trial court asked if the BCP evaluation had to be completed before Cochran entered the Department of Correction (DOC), the probation officer confirmed that it did. In denying the requested continuance, the court reasoned that Cochran had been convicted of uttering a forged check, felony failure to appear, and grand larceny in 2018, was given a significant sentence, and had been given an opportunity to avoid incarceration. But Cochran had "violated his probation five different times, all five times he has absconded," and had "shown no interest" whatsoever in probation.

Cochran objected, clarifying that he had violated his probation four times, not five. He emphasized that he had not been screened for the BCP. Cochran also argued that without the screening and assuming a continuance, he had not subpoenaed the Danville Probation Officer, Noah Pruitt, to testify.[4] He repeated that given his pending charges, there was a potential for another probation violation.

The trial court acknowledged that the current proceeding was Cochran's fourth revocation hearing and that he had not yet been found in violation of the conditions of his suspended sentences. But the court found that Cochran had violated his probation repeatedly

---

[4] As noted above, Cochran's probation officer, Joe G. Clark, advised the court that the BCP referral could not be completed *because of Cochran's pending charges in another jurisdiction*. Additionally, besides appellant's representations, there were no other references to Probation Officer Noah Pruitt in the record.

since 2018 and had absconded each time. The current allegations were that he had missed appointments with his probation officer, changed his residence without his probation officer's approval, and absconded. The court further noted that the probation officer's violation report stated that Cochran "has no desire to give probation an honest effort. He's not amenable to probation." The court also found that simply because an individual is "screened for a program does not mean the [c]ourt is required . . . to place them into that program." The Commonwealth indicated it had no other evidence than "the violation report."

The court inquired if Cochran had any evidence. Cochran acknowledged that the court was not obligated to order Cochran into the program, but lamented that "we [collectively, the court and the parties] don't even know if he is eligible for it." When the trial court reflected that the evaluation would not be persuasive, Cochran argued that the court had not "heard the evidence that [Cochran] could present about why this program would be valuable" and asserted it was not "appropriate for [the court] to rule on[.]" The court again invited counsel to present evidence.

Cochran admitted that he was not prepared to give evidence because he did not have the BCP screen. The court asked how long the BCP program would last, and Cochran acknowledged it would be at least a three-year program. The trial court stated that participation in the program was "not an appropriate disposition for Mr. Cochran's violations."

Cochran then moved the trial court to recuse itself arguing that the court had already reached a decision before hearing the evidence. The court stated that it had heard the Commonwealth's evidence, had asked if Cochran had any evidence to present, and was "wide open to hear the evidence."[5] Although Cochran acknowledged that he had not spoken to Officer

---

[5] While the trial court did not specifically rule on Cochran's recusal motion, the court did proceed with the hearing, and Cochran "note[d] [his] objection to the *Court of Appeals*."

Pruitt regarding the revocation hearing, Cochran proffered that Officer Pruitt was aware of where he was living and had planned a home visit before Cochran's arrest. Pruitt had given him permission to work anywhere in Virginia and he had attended a meeting with Pruitt.

At the close of the evidence, Cochran argued that he did not violate his probation because he was in contact with and following Pruitt's instructions. He also contended that it was reasonable for him to believe that he was under Pruitt's supervision, but that the probation officers were giving him different instructions and that there was no evidence he was outside the area he was supposed to be in. Cochran admitted that he struggled on probation but argued that the BCP was the best place for him to get treatment for his drug addiction and to modify his behavior. Additionally, he argued that throwing him in prison for considerable time is "effectively throwing a person away because people are tired of trying to help him instead of working with him when there is an actual willingness on his part to get help."

The trial court found Cochran in violation of the conditions of his suspended sentence, finding that this was Cochran's fifth probation violation and that he absconded each time. The trial court revoked the balance of Cochran's suspended sentences, which totaled 30 years, 38 months, and 80 days. Cochran appeals.

ANALYSIS

I. The trial court did not err in denying Cochran's motion to recuse.

Recusal decisions are reviewed for an abuse of discretion. *Prieto v. Commonwealth*, 283 Va. 149, 163 (2012). A "trial court must exercise 'not an arbitrary discretion, but a sound judicial discretion.'" *Commonwealth v. Duse*, 295 Va. 1, 7 (2018) (quoting *Judd v. Commonwealth*, 146 Va. 276, 277 (1926)). On appeal, we "show enough deference to a primary

_____

(Emphasis added). The trial judge responded, "Your objection to the Court of Appeals? They are not here today." The court again asked Cochran for his evidence.

- 6 -

decisionmaker's judgment that the court does not reverse merely because the reviewing court would have come to a [different] result in the first instance." *Id.* (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

A judge "must possess neither actual nor apparent bias against a party, and 'in the most extreme cases' of bias . . . , the judge's recusal will be required." *Billips v. Commonwealth*, 48 Va. App. 278, 291 (2006) (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)), *rev'd on other grounds*, 274 Va. 805 (2007). The Canons of Judicial Conduct for Virginia state that "[a] judge must recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Canon 1(D)(1). *See also Wilson v. Commonwealth*, 272 Va. 19, 28 (2006) (providing "that the Canons of Judicial Conduct are instructive, although not determinative in our review of a judge's recusal decision"). A trial judge's impartiality can reasonably be questioned when "he or she harbors . . . , 'such bias or prejudice as would deny the defendant a fair trial.'" *Billips*, 48 Va. App. at 291-92 (quoting *Welsh v. Commonwealth*, 14 Va. App. 300, 314 (1992)).

Moreover, in deciding a recusal motion, "the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained." *Prieto*, 283 Va. at 163 (quoting *Wilson*, 272 Va. at 28). "The burden of proving a judge's bias or prejudice lies with the party seeking recusal." *Id.* "In the absence of proof of actual bias, recusal is properly within the discretion of the trial judge." *Commonwealth v. Jackson*, 267 Va. 226, 229 (2004).

Cochran argues that the trial court abused its discretion by refusing to recuse itself. He further contends that the trial court's comments proved that the court had reached a conclusion regarding his guilt and sentence before hearing his evidence. He asserts that once those statements were "on the record," the trial court could not "easily withdraw from them without

appearing to change [its] mind or indicate that [it] had been wrong to reject Mr. Cochran's request for a continuance." He also argues that the trial court's statements "gave every appearance of a person whose mind has already been made up" and that recusal was the only remedy. The record does not support Cochran's conclusion.

When a "recusal motion is based on comments [that] occu[r] in the record . . . , those comments must be taken in the context of the record as a whole." *Prieto*, 283 Va. at 164. Here, the trial court corrected its earlier statement and acknowledged that Cochran had four probation violations, not five. It then accurately characterized Cochran's probation history including absconding four times. The court correctly remarked that it was not required to place anyone into a program for which they were screened. And the trial court invited Cochran to present evidence, stating that it was "wide open" to hearing it. Finally, the trial court's denial of Cochran's requested continuance, standing alone, does not show that the judge was biased. *See, e.g.*, *Piatt v. Piatt*, 27 Va. App. 426, 436 (1998) (holding that the trial court's evidentiary rulings adverse to wife, without more, did not suggest the judge was biased against her). Thus, we find no basis to show that the trial judge abused his discretion in denying Cochran's recusal motion.

II. The trial court did not err in denying Cochran's motion for a continuance.

"The decision to grant a motion for a continuance is within the sound discretion of the [trial] court and must be considered in view of the circumstances unique to each case." *Moroney v. Majerus*, 82 Va. App. 737, 757 (2024) (quoting *Haugen v. Shenandoah Valley Dep't of Soc. Servs.*, 274 Va. 27, 34 (2007)). "The [trial] court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." *Id.* (quoting *Haugen*, 274 Va. at 34). "The absence of one renders inconsequential the presence of the other." *Bolden v. Commonwealth*, 49 Va. App. 285, 290 (2007). "We cannot reverse if the defendant 'has shown no prejudice resulting from what he claims was an abuse of

discretion' in granting or denying a continuance motion." *Id.* (quoting *Quintana v. Commonwealth*, 224 Va. 127, 135 (1982)).

Cochran asserts that the trial court erred in denying his requested continuance when he had not been screened for the BCP in accordance with the trial court's order. He contends that he "had relied on the judge's order being carried out in crafting [his] strategy" and without a determination of his eligibility he could not effectively argue that he should be allowed into the BCP. He further contends that a continuance would not have prejudiced the Commonwealth. But the denial of the continuance prejudiced him, he argues, because he could not present an alternative sentencing option without determining his eligibility for the BCP. He also argues that the trial court "put significant weight on its improper . . . reading of the probation violation report."[6] Finally, Cochran anticipated that Pruitt would testify on his behalf but was not subpoenaed because of the anticipated continuance.

"In evaluating whether the trial court has abused its discretion we must recognize that the trial court has inherent authority to administer cases on its docket[.]" *Shah v. Shah*, 70 Va. App. 588, 593 (2019). Although Cochran had charges pending in another jurisdiction, the trial court was not obliged to continue its revocation proceeding until those charges were resolved. Further, the probation officer stated the outcome of the pending charges would "functionally make little difference" to Cochran's revocation sentencing guidelines. Moreover, Cochran was not prejudiced when the trial court refused his continuance request. The trial court expressly found that even if Cochran was eligible for the BCP, the three-year program would have been inappropriate considering Cochran's history of probation violations.

---

[6] At the revocation hearing, Cochran failed to object to the trial court's admission of the probation officer's report into evidence. Thus, this argument is procedurally defaulted under this Court's Rule 5A:18 jurisprudence and we will not consider it on appeal. *See* Rule 5A:18.

Finally, "attorneys should [never] presume that a continuance will be granted." *Singleton v. Commonwealth*, 278 Va. 542, 552 (2009). A defendant who fails to subpoena a material witness is "in no position to contest the denial of a continuance." *Cherricks v. Commonwealth*, 11 Va. App. 96, 100 (1990). Here, Cochran's counsel admitted he had neither contacted nor subpoenaed Pruitt for the hearing. Moreover, the proffer from Cochran's counsel consisted solely of Cochran's representations as to Pruitt's testimony. Thus, the trial court did not abuse its discretion when it denied Cochran's motion for a continuance.

### III. The trial court did not abuse its discretion when it found that Cochran violated the terms of his probation.

"On an appeal of a probation revocation, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Heart v. Commonwealth*, 75 Va. App. 453, 460 (2022) (quoting *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022)). Subject to the provisions of Code § 19.2-306.2, "the court may revoke the suspension of [a] sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).

Cochran argues that he did not willfully violate his probation because he was acting under the mistaken impression that Pruitt was his probation officer and that he was compliant with his probation. The record established that Cochran failed to report to probation as directed, attempted to change his residence without permission from his probation officer, and absconded from supervision for the fifth time. The trial court did not abuse its discretion when it found Cochran in violation of his probation.

### IV. The trial court sentenced Cochran appropriately.

Although Code § 19.2-306.1(C) limits the trial court's sentencing discretion for technical violations, like those at issue here, "[t]he court may impose whatever sentence might have been

- 10 -

originally imposed for a third or subsequent technical violation." Code § 19.2-306.1(C). Certain violations, like absconding, "are more serious" than other kinds of technical violations, and therefore are subject to enhanced sentences. *Nalls v. Commonwealth*, 79 Va. App. 712, 720 (2024). A first absconding is "immediately treated" as a second technical violation and a second absconding "'shall be considered a third or subsequent technical violation' such that the court has authority to 'impose whatever sentence might have been originally imposed.'" *Heart*, 75 Va. App. at 470.

Cochran argues that the court abused its discretion when it sentenced him above the recommended sentencing guidelines. He contends that the Commonwealth presented no evidence beyond the major violation report and asserts that it alone is insufficient to sentence him to over 30 years of incarceration. He further asserts that the trial court did not consider Pruitt's proffered testimony, his reliance on Pruitt's instructions, or his eligibility for the BCP when crafting his sentence.

"The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe or disbelieve, in whole or in part, the testimony of any witness." *English v. Commonwealth*, 43 Va. App. 370, 371 (2004) (citations omitted). It is within the trial court's purview to weigh a defendant's mitigation evidence in determining his sentence. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). Nor is the court "obligated to find that the evidence highlighted by the appellant actually mitigated his crime." *Cellucci v. Commonwealth*, 77 Va. App. 36, 52 (2023) (citing *Keselica*, 34 Va. App. at 36). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett v. Commonwealth*, 13 Va. App. 580, 584 (1992).

The court found that Cochran had absconded from probation yet again, which amounted to a third or subsequent technical violation. Thus, the court was permitted to revoke his

suspended sentences and "impose whatever sentence might have been originally imposed." *Heart*, 75 Va. App. at 469 (quoting Code § 19.2-306.1(C)). Moreover, the trial court was not required to give a particular weight to Cochran's proffered testimony nor consider evidence that he sought to present. Cochran's counsel admitted that he had not spoken to Pruitt and had not subpoenaed him to the revocation hearing. Even so, the trial court permitted Cochran to proffer Pruitt's expected testimony. The trial court considered the BCP but, as noted above, found the program was an inappropriate sentence given Cochran's history of repeatedly absconding from probation.

The "[p]robation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." *Hamilton v. Commonwealth*, 79 Va. App. 699, 705 (2024) (quoting *Burnham v. Commonwealth*, 298 Va. 109, 116 (2019)). "When coupled with a suspended sentence, probation represents 'an act of grace on the part of the Commonwealth to one who has been convicted and sentenced to a term of confinement.'" *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Price v. Commonwealth*, 51 Va. App. 443, 448 (2008)). Cochran consistently abused the grace extended to him. The trial court did not abuse its discretion when it revoked his suspended sentences and ordered him to serve them.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*